IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SHEILA A. DALEY, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-333 |
| § | |
| MARITIME HYDRAULICS US, INC., § | |
| MH PYRAMID, INC., and ENSCO § | |
| OFFSHORE COMPANY, § | |
| § | |
| Defendants, § | |

**ORDER GRANTING DEFENDANTS MH PYRAMID, INC. AND MARITIME HYDRAULICS U.S., INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST PLAINTIFFS' CLAIMS FOR NON-PECUNIARY DAMAGES AND DENYING THEIR CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs bring this action against Defendants for the wrongful death of Larry C. Daley, along with various other claims relating to the incident that caused Daley's death. Defendants MH Pyramid, Inc. and Maritime Hydraulics U.S., Inc. (collectively "MHP") filed a Corrected Motion for Partial Summary Judgment Against Plaintiffs' Claims alleging that Daley was not a Jones Act seaman. Plaintiffs filed a Response to MHP's Motion for Partial Summary Judgment regarding seaman status, and MHP filed a Reply. MHP also filed a Motion for Partial Summary Judgment Against Plaintiffs' Claims for Non-Pecuniary Damages. For the reasons articulated below, MHP's Corrected Motion for Summary Judgment Against Plaintiffs' Claims that alleges Daley was not a seaman is **DENIED**, and MHP's Motion for Partial Summary Judgment Against Plaintiffs' Claims for Non-Pecuniary

1

Damages is **GRANTED**.[1]

**I. Background**

Daley was employed by MHP as a service technician and was killed while working aboard the ENSCO 7500 semi-submersible oil rig ("ENSCO 7500"). Ensco Offshore Company ("Ensco") was the owner of the ENSCO 7500. Daley's duties included performing maintenance items requested by Ensco, and on January 9, 2006, Daley planned to work in the derrick installing two replacement bolts on the fastline sheave, which is a large metal wheel threaded with drill line. On the ENSCO 7500, the sheave is located near the top of the derrick at the top of a ladder and is over 100 feet above the drill floor. On the date in question, the Ensco drill crew was performing upgrades and maintenance on the ENSCO 7500's top drive. This maintenance required movement of the top drive using the drawworks, which is a large winch that spools off or takes in the drill line. Unfortunately, when the top drive is moved using the drawworks, the fastline sheave also rotates. After Daley changed the first bolt, he was told to stop work while the Ensco drill crew engaged the drawworks to move the top drive, and he climbed down the ladder. When the derrickhand who was assisting Daley allegedly received the "all-clear" via radio communication, Daley climbed back up to the sheave. The drawworks were then activated as part of the top drive maintenance, and Daley was drawn into the fastline sheave and killed.

**II. Legal Standard**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp.*, 477

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

U.S. at 323, 106 S. Ct. at 2252–53. If the party moving for summary judgment bears the initial burden of proof, "either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).When the party moving for summary judgment does not bear the initial burden of proof, said party must "inform[] the district court of the basis for its motion, and identify[] those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2253. Then, in either case, the non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in a light most favorable to the non-movant and "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,249–50, 106 S. Ct. 2505, 2511–12, 91 L. Ed. 2d 202 (1986). If the evidence would permit a reasonable fact-finder to find in favor of the non-moving party, summary judgment should not be granted. *Liberty Lobby*, 477 U.S. at 247–48, 106 S. Ct. at 2510. On the other hand, "[i]f the evidence is merely colorable . . . or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S. Ct. at 2511 (citations omitted).

**III. Analysis**

*A. Motion for Partial Summary Judgment Against Plaintiffs' Claims for Non-Pecuniary Damages*

  MHP's Motion for Partial Summary Judgment Against Plaintiffs' Claims for Non-Pecuniary Damages is not yet ripe, but Plaintiffs concede that the accident occurred on a vessel located

approximately forty-five nautical miles from the Louisiana coastline. Because Daley's death occurred on the high seas, if he is a seaman, the appropriate cause of action is found in the Jones Act. If he is not a seaman, then the remedy for any wrongs associated with his death is found in the Death on the High Seas Act (DOHSA). *See Dunham v. Expro Ams., Inc.*, 423 F. Supp. 2d 664, 666–67 (S.D. Tex. 2003) (Kent, J.) (explaining that DOHSA "governs [a plaintiffs'] claims and grants this Court federal admiralty jurisdiction over them" when a death occurs on the high seas and that the "designated beneficiaries may bring a wrongful death lawsuit to the exclusion of all other remedies, except when a seaman is killed, in which case the Jones Act provides additional remedies against the seaman's employer"). As explained below, Daley's seaman status is a question of fact that will be decided during the trial. However, the damages that Plaintiffs may recover is limited regardless of the outcome of the seaman status issue. If the jury assigns fault to Defendants and determines that Daley was not a Jones Act seaman, then his beneficiaries are entitled only to pecuniary damages because the Death on the High Seas Act (DOHSA) limits recovery to pecuniary loss. *See Miles v. Apex Marine Corp.* 498 U.S. 19, 31, 111 S. Ct. 317, 325 (explaining that the "explicit limitation" in DOHSA to "pecuniary loss" "forecloses recovery for non-pecuniary loss, such as loss of society, in a general maritime action"). However, if the jury determines that Daley was a Jones Act seaman and assigns fault to Defendants, Daley's beneficiaries may recover only pecuniary damages, and his estate may recover for any conscious pain and suffering Daley experienced because the Jones Act limits recovery to pecuniary loss, but allows a survival action for the seaman's "personal loss and suffering where the injuries are not immediately fatal." *St. Louis, Iron Mountain & S. Ry. Co. v.* Craft, 237 U.S. 648, 657, 35 S. Ct. 704, 706, 59 L. Ed. 1160 (1915) (discussing the remedies available for a death under the Federal Employers' Liability Act (FELA)); *Van Beeck v. Sabine Towing Co.*, 300 U.S. 342, 347,

57 S. Ct. 452, 454, 81 L. Ed. 685 (1937) (quoting this proposition from *Craft* for the death of a seaman); *see also Miles*, 498 U.S. at 32, 111 S. Ct. at 325 ("When Congress passed the Jones Act, the *Vreeland* gloss on FELA, and the hoary tradition behind it, were well established.  Incorporating FELA unaltered into the Jones Act, Congress must have intended to incorporate the pecuniary limitation on damages as well."); *Mich. Central R. Co. v. Vreeland*, 227 U.S. 59, 33 S. Ct. 192, 57 L. Ed. 417 (1913) (finding that the FELA wrongful death provision provides recovery for pecuniary loss only).

MHP also moves for dismissal of Plaintiffs' state law claims, which is appropriate because Daley's death did not occur in state territorial waters. *See Dunham*, 423 F. Supp. 2d at 666; *see also Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 624, 98 S. Ct. 2010, 2014, 56 L. Ed. 2d 581 (1978) (finding that "DOHSA governs wrongful-death recoveries on the high seas" and distinguishing such recoveries from those available under *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 398, 90 S. Ct. 1772, 1786, 26 L. Ed. 2d 339 (1970), in which the Supreme Court found that Congress's enactment of DOHSA was not meant to disturb the provision of state remedies in territorial waters). Therefore, the Court **GRANTS** MHP's Motion for Partial Summary Judgment Against Plaintiffs' Claims for Non-Pecuniary Damages and hereby **DISMISSES** Plaintiffs' state law claims and their claims for non-pecuniary damages, except for the estate's claim for conscious pain and suffering, **WITH PREJUDICE**.

B.  *Corrected Motion for Partial Summary Judgment*

MHP also moves for summary judgment against Plaintiffs because it claims that Daley was not a Jones Act seaman and that claims against his employer, MHP, are thus limited to workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33

U.S.C. § 901, *et seq.* Plaintiffs argue that reasonable minds could differ regarding Daley's seaman status and that, thus, the question should be left for the trier-of-fact. *See McDermott Intern., Inc. v. Wilander*, 498 U.S. 337, 355–56, 111 S. Ct. 807, 818, 112 L. Ed. 866 (1991) (holding that "the question of who is . . . a 'seaman'" is "a mixed question of law and fact" and that "[i]f reasonable persons, applying the proper legal standard, could differ as to whether the employee was a 'member of a crew,' it is a question for the jury"). Plaintiffs have presented the Court with more than a scintilla of evidence indicating that Daley was a Jones Act seaman. *See* Plaintiffs' Resp. & Exs. Thus, MHP's Corrected Motion for Summary Judgment regarding Daley's seaman status is **DENIED**.

## IV. Conclusion

For the reasons stated above, MHP's Motion for Summary Judgment Against Plaintiffs' Claims for Non-Pecuniary Damages is **GRANTED** and those claims, along with Plaintiffs' state law claims, are **DISMISSED WITH PREJUDICE**. MHP's Corrected Motion for Summary Judgment regarding Daley's seaman status is **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 4th day of May, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge